**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Yuly Amaya, *on behalf of herself and others similarly situated,*<br><br>        *Plaintiff*,<br><br> -against-<br><br>Jones Lang Lasalle Americas, Inc.,<br><br>        *Defendant*. | Civil Action No.<br><br>**RULE 23 CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

  Yuly Amaya ("Plaintiff"), on behalf of herself and others similarly situated (collectively, "Plaintiffs"), brings this action as proposed class representative for damages and other legal and equitable relief against Defendant Jones Lang Lasalle Americas, Inc. ("JLL" or "Defendant") upon personal knowledge as to herself and upon information and belief as to others, for violations of New York State Labor Law ("NYLL") and any other causes of action that can be inferred from the facts set forth herein:

## NATURE OF THE ACTION

  1. This lawsuit seeks to recover prejudgment interest, liquidated damages, attorneys' fees and expenses, and postjudgment interest on account of Defendant's untimely payment of wages to Plaintiff and other similarly situated non-exempt Manual Workers.

  2. At all relevant times, Defendant compensated their building maintenance staff on a biweekly basis.

  3. JLL's staff are Manual Workers as that term is used in Section 191 of the New York Labor Law.

  4. Manual Workers under NYLL 191 must be paid within seven calendar days after the end of the week in which wages are earned.

  5. In this regard, Defendant has failed to provide timely wages to Plaintiff and all

other similarly situated Manual Workers in New York.

6. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

7. As such, the failure to provide wages owed to Plaintiff and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

8. Plaintiff brings this action on behalf of herself and all other similarly situated workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

9. Workers similarly situated to Plaintiff include all employees of Defendant who worked in commercial and residential buildings in New York City performing maintenance services.

10. This complaint refers to Plaintiff and those similarly situated as "Manual Workers."

11. The relevant statutory period is six years preceding the date of the filing of this complaint, plus an additional 228 days as a result of the Governor's Executive Orders tolling the statute of limitations.

## JURISDICTION AND VENUE

12. This court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs,

and Plaintiff and members of the proposed class are citizens of states different from that of Defendant.

13. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff resides in New York State and is a citizen of that state. While Defendant JLL is a citizen of Maryland, with its state of incorporation and principal place of business in the State of Illinois at 200 East Randolph Drive, Chicago, Illinois 60601, pursuant to § 1332(c)(1).

14. There are over 250 members in the proposed class.

15. Defendant is subject to personal jurisdiction in New York as it does business in New York.

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C § 1391(b)(2) because all of the events or omissions giving rise to the claims of Plaintiff occurred in this District, and Defendant conducts business in this District.

## PARTIES

**Plaintiff**

**Yuly Amaya**

17. Plaintiff Yuly Amaya is an adult, over eighteen years old, a citizen of New York State and resides in Fresh Meadows, New York in the County of Queens.

18. Plaintiff was, throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

19. Plaintiff was employed by Defendant as a Concierge, a Manual Worker, earning $19.47 per hour from around December 9th, 2019 through April 17th, 2020.

**Defendant**

**Jones Lang Lasalle Americas, Inc.**

20. Defendant Jones Lang Lasalle Americas, Inc. is a foreign business corporation, organized under the laws of the state of Maryland, with a service of process address in the care of United Agent Group, Inc., at 350 South Northwest Highway suite 300, Park Ridge, Illinois, 60068. Defendant Jones Lang Lasalle Americas, Inc. is the entity listed on Plaintiff's W2.

21. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant employed Plaintiff and similarly situated employees.

22. The Jones Lang Lasalle family of companies employ over 98,000 people worldwide and reported over $20 billion in revenue for 2021. JLL has over 210 job openings listed in New York State alone.

23. Upon information and belief, during the relevant period, Defendant JLL provided maintenance services to over 100 WeWork buildings in New York State, and an unknown number of additional buildings that were not WeWork buildings.

24. Defendant is considered a large employer, having at least eleven (11) or more employees during the duration of Plaintiff's employment.

25. Defendant maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

26. Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiff, is considered an employer under the NYLL §190(3).

## NEW YORK CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to the Class Action Fairness Act, on behalf

of herself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Defendant, including JLL employees paid bi-weekly providing maintenance services at residential or commercial buildings located in New York State and who give their consent, in writing, to become party plaintiffs, and were employed between the date six years preceding this complaint and the date a final judgment in this action is entered (hereinafter the "Class").

28. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

29. There are more than 250 members of the New York Class.

30. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

31. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

32. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the Class.

33. Plaintiff is represented by attorneys who are experienced and are competent in both class action litigation and employment litigation and have previously been counsel of record in large multi-plaintiff litigations; mass tort litigation; and class action litigations.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a

corporate Defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

35. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

   a. whether Defendant compensated Plaintiff and the New York Class on a timely basis?

   b. whether JLL employees providing maintenance services at residential or commercial buildings qualify as manual workers under NYLL 191?

## PLAINTIFF'S FACTUAL ALLEGATIONS

36. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Yuly Amaya**

37. Plaintiff was employed by Defendant and worked at WeWork buildings providing maintenance services from around December 9th 2019 to April 17th, 2020.

38. Upon information and belief, Defendant took over the provision of maintenance services at all WeWork locations throughout New York on December 9, 2019. At this time, WeWork operated approximately 450 locations worldwide and over 100 in New York County alone. WeWork was the single largest commercial tenant in New York, leasing more than twice the commercial space as its nearest competitor.

39. Upon information and belief, Defendant employed an average of four Manual Workers at each of WeWork's 100 New York County locations.

40. Upon information and belief, there are a minimum of 400 members of the New York Class.

41. When Plaintiff started her employment, she began working at 79 Madison Avenue, New York, New York 10016, a building of approximately twelve stories. Around ten of the floors were occupied by WeWork and another two by another company. Plaintiff was only responsible for the WeWork floors. In total she worked at three buildings for the Defendant. The second building was located at 135 Madison Avenue, New York, New York, 10016, a six story building with an affiliated furniture store on the ground floor. The third building where Plaintiff worked was located at 2807 Jackson Ave, Long Island City, NY 11101. The Jackson Avenue building was about 26 stories high, and WeWork occupied all of it although many floors were vacant.

42. At each of the locations, Defendant only employed Plaintiff to work on the WeWork floors.

43. During Plaintiff's employment, over 25% of her duties were physical tasks, including: (1) cleaning the kitchen and pantry, including surfaces and floors; (2) regular day-to-day cleaning of offices upon request; (3) heavy cleaning of offices when people are moving in and out; (4) cleaning bathroom surfaces and mopping floors and restocking bathroom supplies; (5) removing trash from kitchen, pantry and bathroom; (6) preparing coffee and fruit water; and (7) miscellaneous duties as assigned by her manager such as moving furniture or arranging furniture.

44. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Plaintiff has been compensated by Defendant on a bi-weekly basis.

45. In this regard, Defendant failed to pay Plaintiff her wages earned as required

by NYLL § 191(1)(a).

46. As a result of Defendant's untimely wage payments, Plaintiff was underpaid every corresponding period where Defendant paid Plaintiff on an untimely basis.

47. Moreover, Plaintiff was denied the time-value of her money by Defendant's underpayments. Plaintiff was unable to invest, save, or purchase utilizing the wages she earned and was owed.

48. For example, Plaintiff routinely goes grocery shopping once a week, which impaired her ability to purchase groceries. Similarly, late payment of wages also impaired Plaintiff's ability to pay utilities and rent in a timely manner.

49. Plaintiff was paid $19.47 per hour and worked from 6 am to 2:30 pm.

50. Defendant paid Plaintiff $1,643 in gross wages in 2019 and $14,918 in 2020.

## CAUSE OF ACTION

*Violations of the New York Labor Law – Failure to Pay Timely Wages*

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and other similarly situated Manual Workers.

53. Defendant failed to pay Plaintiff on a timely basis as required by NYLL § 191, which resulted in Plaintiff and the New York Class being underpaid.

54. Due to Defendant's violations of the NYLL, Plaintiff and other similarly situated Manual Workers are entitled to recover from Defendant the amount of her untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of similarly situated Manual Workers, respectfully requests that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
June 1, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and
Rule 23 Proposed Class*